United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PARVANEH BORHANI,

    Plaintiff,                        No. C 07-04637 PJH

    v.                                **ORDER DISMISSING CASE**

REAL ESTATE COMPANIES, et al.,

    Defendant.
_____/

    Pro se plaintiff Parvaneh Borhani filed this action on September 7, 2007. She also filed an application for leave to proceed in forma pauperis ("IFP"). The court finds that the complaint must be dismissed for failure to adequately allege subject matter jurisdiction, for failure to state a claim, and for failure to identify the defendant or defendants. Because the court finds that the complaint fails to state a claim and must be dismissed under 28 U.S.C. § 1915(e)(2), the request for leave to proceed IFP is DENIED.

    The complaint in this action consists of a single sheet of paper, completely covered with incomprehensible writing. At the top of the page, the complaint states, "Case filed by: 'Par Va Neh Borhani (should be corrected to Beh Rah An Y), Poet, Ph.D. Engineering, Philosopher, Parsi/Irany Dual National Dual/bi lingual Iran/USA, against: Management? Funding? Real Estate? Banks?" The remainder of the page is filled with scribbled words and phrases, having no logical connection to each other.

    The accompanying IFP application states the name of the plaintiff as "Par Va Neh Borhani" and the defendants as "God Knows Who; Many; City of Berkeley; Oakland; SF Airport; State of CA; USA Police." Plaintiff's address appears nowhere on the complaint or the IFP application.

**DISCUSSION**

A.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states and the amount in controversy is at least $75,000), or a federal question, or those cases to which the United States is a party. See, e.g., Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

Every federal court is under a continuing obligation to assess its own subject matter jurisdiction. See Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004).

In the present case it is impossible to determine what claims plaintiff is asserting, and against which defendants. If she is alleging state-law or common-law violations, she must establish subject matter jurisdiction by alleging that there is complete diversity, meaning that the parties are citizens of different states, and that the amount at issue exceeds $75,000. If she is invoking federal question jurisdiction, she must plead facts indicating that a particular defendant has violated a specific federal constitutional or statutory provision. Plaintiff has done neither of these things in the complaint. Thus, the court finds that the complaint must be dismissed for lack of subject matter jurisdiction.

B.   Dismissal Under 28 U.S.C. § 1915.

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint

is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. See 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984). A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328-30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

In the present case, the court finds that the complaint must be dismissed for failure to state a claim and because it is frivolous. Plaintiff fails to name any identifiable defendant, fails to allege any facts whatsoever, and fails to plead even a single clearly cognizable injury, or when or where such injury may have occurred. The complaint makes no sense, and on that basis is dismissed.

In addition, because plaintiff has not provided an address at which she can receive mail, the court is unable to send plaintiff a copy of this order. Thus, granting leave to amend would be pointless, as the court has no way to communicate such an order to plaintiff. Accordingly, the dismissal is without leave to amend.

**IT IS SO ORDERED.**

Dated: September 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge